MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel:  (212) 637-2734
Fax: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
GREENWICH INSURANCE COMPANY,          :
:
:        ECF CASE
       Plaintiff,       :        No. 07-7321 (RJS)(RLE)
:
     v.          :        ANSWER
:
UNITED STATES OF AMERICA,             :
:
       Defendant.       :
------------------------------------------------------------x

     Defendant United States of America ("Defendant"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint of Plaintiff Greenwich Insurance Company ("Greenwich") on information and belief as follows:

### ANSWER

     1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

     2.     Admits the allegations in paragraph 2 of the complaint.

     3.     The allegations contained in paragraph 3 of the complaint consist of plaintiff's characterizations of the legal basis for this action, to which no response is required.  To the extent that an answer is required, admits that the Internal Revenue Service (the "IRS") served a

Notice of Levy on the New York City Housing Authority ("NYCHA") on November 22, 2006 and a second Notice of Levy on NYCHA on April 4, 2007.

4. Paragraph 4 of the complaint contains conclusions of law to which no response is required.

5. Paragraph 5 of the complaint consists solely of conclusions of law to which no response is required.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 13 of the complaint; the remaining allegations in

paragraph 13 state conclusions of law to which no response is required.

14. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the complaint; the remaining allegations in paragraph 14 state conclusions of law to which no response is required.

15. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 15 of the complaint; the remaining allegations in paragraph 13 state conclusions of law to which no response is required.

16. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 16 of the complaint; the remaining allegations in paragraph 13 state conclusions of law to which no response is required.

17. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 17 of the complaint; the remaining allegations in paragraph 17 state conclusions of law to which no response is required.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 20 of the complaint; the remaining allegations in paragraph 20 state conclusions of law to which no response is required.

21. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 21 of the complaint; the remaining allegations in

paragraph 21 state conclusions of law to which no response is required.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint,.

23. Denies knowledge and information sufficient to form a belief as to the truth ofthe allegations contained in paragraph 23 of the complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 24 of the complaint, the remaining allegations in paragraph 24 state legal conclusions to which no response is required.

25. Admits that on November 22, 2006, the IRS served a Notice of Levy on NYCHA in the amount of $253,236.18 relating to taxes owed by NAP Construction Company, Inc.

26. Admits that on April 4, 2007, the IRS served a second Notice of Levy on NYCHA in the amount of $434,853.888 relating to taxes owed by NAP Construction Company, Inc.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28. Admits the allegations contained in paragraph 28 of the complaint.

29. Defendant repeats and incorporates paragraphs 1 through 28 of its Answer.

30. Paragraph 30 of the complaint contains conclusions of law to which no response is required.

31. Paragraph 31 of the complaint contains conclusions of law to which no response is required.

32. Paragraph 32 of the complaint contains conclusions of law to which no response is required.

33. Paragraph 33 of the complaint contains conclusions of law to which no response is required.

34. Defendant repeats and incorporates paragraphs 1 through 33 of its Answer.

35. Paragraph 35 of the complaint contains conclusions of law to which no response is required.

36. Paragraph 36 of the complaint contains conclusions of law to which no response is required.

37. Paragraph 37 of the complaint contains conclusions of law to which no response is required.

38. Paragraph 38 of the complaint contains conclusions of law to which no response is required.

39. Defendant repeats and incorporates paragraphs 1 through 38 of its Answer.

40. Paragraph 40 of the complaint contains conclusions of law to which no response is required.

41. Paragraph 41 of the complaint contains conclusions of law to which no response is required.

42. Defendant repeats and incorporates paragraphs 1 through 41 of its Answer.

43. Paragraph 43 of the complaint contains conclusions of law to which no response is required.

44. Paragraph 44 of the complaint contains conclusions of law to which no response is required.

45. Defendant repeats and incorporates paragraphs 1 through 44 of its Answer.

46. Paragraph 46 of the complaint contains conclusions of law to which no response is

required.

47. Denies knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 47 of the Complaint; the remaining allegations in paragraph 47 state legal conclusions to which no response is required.

48. Paragraph 48 of the complaint contains conclusions of law to which no response is required.

49. Paragraph 49 of the complaint contains conclusions of law to which no response is required.

50. The allegations contained in the paragraphs of the Complaint following the word "WHEREFORE" set forth Greenwich's demands for relief, to which no response is required. To the extent that a response is required, Defendant denies that Greenwich is entitled to such relief.

## DEFENSES

### FIRST DEFENSE

51. The complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

52. Greenwich is not entitled to dismissal or discharge of the November 22, 2006 or the April 4, 2007 IRS Levies because Defendant's claims for unpaid employment-related taxes have priority over all of Greenwich's claims; or, in the alternative, Greenwich is only entitled to dismissal or discharge to the extent that the funds subject to the levies exceed the amount of the relevant employment-related taxes owed by NAP Construction Company, Inc.

### THIRD DEFENSE

53. The complaint should be dismissed in whole or in part for lack of subject matter

jurisdiction to the extent that beyond that permitted under 26 U.S.C. § 7426(b).

### FOURTH DEFENSE

54. Greenwich may not recover costs in excess of those permitted by 28 U.S.C. § 2412.

WHEREFORE, Defendant respectfully requests the Court to:

A. Uphold the validity of the November 22, 2006 and April 4, 2007 IRS Levies;

B. Grant judgment to Defendant dismissing the complaint; and

C. Grant such further relief as the Court deems proper, including costs and disbursements.

Dated: October 29, 2007
New York, New York

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
The United States of America

By: /s/ Li Yu
LI YU
Assistant United States Attorney
New York, New York 10007
Tel.: (212) 637-2734
Fax: (212) 637-2686

TO: Scott J. Goldstein, Esq.
WOLFF & SAMSON PC
One Borland Drive,
West Orange, New Jersey 05072

*Attorneys for Plaintiff*