

RECEIVED COPY FEB 05 2008 USDC SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREENWICH INSURANCE COMPANY,        ECF CASE

    Plaintiff,

  -against-                                  Case No. 07-7321 (RJS)(RLE)

UNITED STATES OF AMERICA,           **AMENDED COMPLAINT**

    Defendant.

------------------------------------------------------------x

Plaintiff Greenwich Insurance Company ("Greenwich"), by its undersigned attorneys, as and for its Amended Complaint against defendant United States of America, says:

## PARTIES

1. Greenwich is a Delaware corporation, maintains a place of business c/o XL Specialty Insurance Company, 2 Logan Square, Philadelphia, Pennsylvania, and is licensed to issue surety bonds in New York.

2. Defendant is the United States of America.

## JURISDICTION AND VENUE

3. This is an action, pursuant to 26 U.S.C. § 7426(a)(1), to set aside as wrongful three Notices of Levy, dated November 22, 2006, April 4, 2007, and August 13, 2007 (the "2006 Levy", the "April 2007 Levy" and the "August 2007 Levy, respectively and, collectively, the "Levies"), filed by the United States Department of Treasury - Internal Revenue Service (the "IRS") with the New York City Housing Authority ("NYCHA") against

funds in NYCHA's possession and allegedly payable to NAP Construction Company, Inc. ("NAP").

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(e).

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1402(c) because the property allegedly subject to the Levy is located in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Upon information and belief, on or about May 1, 2001, NAP entered into a contract with NYCHA, Contract No. BF0000003, whereby NAP was to perform construction work at the Bayview Houses in New York City (the "Bayview Contract").

7. Greenwich, as surety, issued a performance bond and a payment bond for the Bayview Contract, each bearing bond no. SEC1000124 (the "Bayview Bonds") to (a) secure NAP's performance of the Bayview Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or material in connection with the Bayview Contract.

8. Upon information and belief, on or about May 1, 2001, NAP entered into a contract with NYCHA, Contract No. BF0000006, whereby NAP was to perform construction work at the Smith and Douglass Houses in New York City (the "Smith/Douglass Contract").

9. Greenwich, as surety, issued a performance bond and a payment bond for the Smith/Douglass Contract, each bearing bond no. SEC1000108 (the "Smith/Douglass Bonds") to (a) secure NAP's performance of the Smith/Douglass Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or material in connection with the Smith/Douglass Contract.

10. Upon information and belief, on or about August 29, 2002, NAP entered into a contract with NYCHA, Contract No. PL0200011, whereby NAP was to perform construction work at the Sumner Houses in New York City (the "Sumner Contract").

11. Greenwich, as surety, issued a performance bond and a payment bond for the Sumner Contract, each bearing bond no. SEC10001335 (the "Sumner") to (a) secure NAP's performance of the Sumner Contract and (b) NAP's payment to those persons or parties that supplied NAP with labor and/or material in connection with the Sumner Contract.

12. Prior to Greenwich's issuing surety bonds on behalf of NAP, Greenwich required of NAP, and received, an executed written General Indemnity Agreement, dated August 24, 2000 (the "GIA").

13. The GIA provides that all of NAP's rights in any contract for which Greenwich issued bonds on behalf of NAP were assigned to Greenwich, effective upon, among other things, NAP's being declared in default of any contract bonded by Greenwich, or by NAP breaching any terms of the GIA.

14. The assignment provisions set forth in the GIA relate back to the date that Greenwich first issued bonds for NAP, which was on or about November 27, 2000.

15. On or about February 10, 2005, Greenwich filed with NYCHA an assignment executed by NAP whereby NAP assigned to Greenwich the sum of $20,150.00 as may become due NAP with respect to the Bayview Contract.

16. On or about February 10, 2005, Greenwich filed with NYCHA an assignment executed by NAP whereby NAP assigned to Greenwich the sum of $50,000.00 as may become due NAP with respect to the Smith/Douglass Contract.

17. On or about February 10, 2005, Greenwich filed with NYCHA an assignment executed by NAP whereby NAP assigned to Greenwich the sum of $100,000.00 as may become due NAP with respect to the Sumner Contract.

18. On or about July 18, 2006, M&N General Services, Inc. ("M&N") commenced an action entitled *M&N General Services, Inc. v. XL Insurance[1] and NAP Construction Co.*, Supreme Court of the State of New York, Kings County, Index No. 21024-2006 (the "M&N Action"), whereby M&N sought recovery under the Sumner Bonds due to NAP's failure to pay M&N for labor and material M&N supplied to NAP in connection with the Sumner Contract.

19. On or about August 2, 2007, Greenwich paid M&N $64,564.00 in satisfaction of M&N's claims against Greenwich with respect to the Sumner Bond and Sumner Contract.

20. Greenwich has been assigned M&N's rights, including M&N's rights under Article 3-A of the New York Lien Law, with respect to the Sumner Contract.

21. Greenwich is also subrogated to M&N's rights, including M&N's rights under Article 3-A of the New York Lien Law, with respect to the Sumner Contract.

22. On or about June 27, 2003, an action was commenced, entitled *Anthony Cox et. al. v. NAP Construction Company, Inc. et. al.*, Supreme Court of the State of New York, New York County, Index No. 11790-03 (the "Class Action"), whereby a class of NAP employees ("the Class Members") seeks, among other things, recovery from Greenwich under the Bayview Bonds and the Smith/Douglass Bonds due to NAP's alleged failure to pay the Class Members prevailing wages as required by law.

23. The Class Action is still pending.

---

[1] M&N incorrectly named XL Insurance as the surety in its initial complaint.

24. To the extent that Greenwich incurs a loss with respect to the Class Action, Greenwich will be subrogated to the rights of the Class Members with respect to the Bayview Contract and the Smith/Douglass Contract, including any rights the Class Members may have under Article 3-A of the New York Lien Law, with respect to the Bayview Contract and the Smith/Douglass Contract.

25. On or about November 22, 2006, the IRS filed the 2006 Levy with NYCHA, wherein the IRS contended that NAP owed the IRS the sum of $235,236.18.

26. On or about April 4, 2007, the IRS filed the April 2007 Levy with NYCHA, wherein the IRS contended that NAP owed the IRS the sum of $434,853.88.

27. On or about August 13, 2007, the IRS filed the August 2007 Levy with NYCHA, wherein the IRS contended that NAP owed the IRS the sum of $451,942.24.

28. Upon information and belief, the Levies are causing NYCHA to withhold funds that are otherwise due, or will become due, or may become due, to Greenwich.

29. This action is being filed within nine (9) months of the date of the Levies.

## AS AND FOR A FIRST CAUSE OF ACTION

30. Greenwich repeats Paragraphs 1 through 29 hereof.

31. Any funds being held by NYCHA on account of the Levies with respect to the Bayview Contract, Smith/Douglass Contract and/or Sumner Contract are trust funds as defined by Article 3-A of the New York Lien Law.

32. As trust funds, the funds held by NYCHA are not property belonging to NAP and therefore the Levies cannot attach to the funds held by NYCHA.

33. For the IRS to recover funds from NYCHA to satisfy tax liabilities incurred by NAP outside the scope of the Bayview Contract, Smith/Douglass Contract and/or Sumner

Contract would constitute a diversion of statutory trust funds as defined by Article 3-A of the New York Lien Law.

34. Wherefore, the Levies must be dismissed and/or discharged.

### AS AND FOR A SECOND CAUSE OF ACTION

35. Greenwich repeats Paragraphs 1 through 34 hereof.

36. The New York Lien Law prohibits a judgment creditor from executing against statutory trust funds.

37. The Levies have the legal effect of being a judgment.

38. The Levies cannot be used to seize statutory trust funds held by NYCHA.

39. Wherefore, the Levies must be dismissed and/or discharged.

### AS AND FOR A THIRD CAUSE OF ACTION

40. Greenwich repeats Paragraphs 1 through 39 hereof.

41. Because Greenwich is subrogated to the rights of the subcontractors and suppliers it has paid, Greenwich's claim to the funds being held by NYCHA with respect to any specific contract on which Greenwich has made a payment are superior to the IRS' claims insofar as the IRS' claims relate to NAP's tax liabilities incurred outside of such contract.

42. Wherefore, the Levies must be dismissed and/or discharged.

### AS AND FOR A FOURTH CAUSE OF ACTION

43. Greenwich repeats Paragraphs 1 through 42 hereof.

44. Because Greenwich is contingently subrogated to the rights of the Class Members it may be obligated to pay in the Class Action, Greenwich's claims to the funds being held by NYCHA with respect to the Bayview Contract and the Smith/Douglass Contract are superior to the IRS' claims insofar as the IRS' claims relate to NAP's tax liabilities incurred outside of the two contracts at issue in the Class Action.

45. Wherefore, the Levies must be dismissed and/or discharged.

### AS AND FOR A FIFTH CAUSE OF ACTION

46. Greenwich repeats Paragraphs 1 through 45 hereof.

47. Greenwich has been assigned NAP's right to payment of some or all of the monies held by NYCHA with respect to the Bayview Contract, the Smith/Douglass Contract and the Sumner Contract.

48. Greenwich's assignment rights were perfected prior to the filing of the Levies.

49. Greenwich therefore has a superior right vis-à-vis the IRS to the funds held by NYCHA with respect to the Bayview Contract, the Smith/Douglass Contract and the Sumner Contract to the extent the IRS has claims to such funds for tax liabilities incurred by NAP outside of the scope of these three contracts.

50. Wherefore, the Levies must be dismissed and/or discharged.

**WHEREFORE**, Greenwich demands judgment as follows:

(a) Dismissing and/or discharging the Levy filed by the IRS;

(b) Ordering the IRS to disgorge any monies it has been paid by NYCHA pursuant to the Levy;

(c) Awarding Greenwich costs of suit; and

    (d)    For such other relief as the Court deems appropriate and proper.

Dated: August 14, 2007

    WOLFF & SAMSON PC  
    Attorneys for Plaintiff  
    Greenwich Insurance Company  
    140 Broadway - 46th Floor  
    New York, New York 10005  
    (212) 973-0572

By: _____  
    JONATHAN BONDY (JB-3106)

## CERTIFICATION OF SERVICE

JONATHAN BONDY, a resident of the United States, certifies as follows:

1. I am an attorney duly admitted to practice before this Court and am a partner with the firm of Wolff & Samson PC, attorneys for plaintiff Greenwich Insurance Company in this matter.

2. On February 4, 2008, I caused a true copy of the within Amended Complaint to be served upon Michael J. Garcia, United States Attorney for the Southern District of New York, attorney for Defendant, 86 Chambers Street – 3rd Floor, New York, NY, attn: Li Yu, Esq., Assistant United States Attorney, by e-mail & regular mail

Dated: February 4, 2008

JONATHAN BONDY (JB-3106)